UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LIFESTYLE LIFT HOLDING, INC.,
a Michigan corporation

        Plaintiff,               Case No. 2:08-cv-10089
                                        Honorable Patrick J. Duggan
v.                                          Magistrate Judge Steven R. Whalen

REALSELF, INC., a Washington,
corporation

        Defendant/Counter-Plaintiff,

v.

LIFESTYLE LIFT HOLDING, INC.; SCIENTIFIC
IMAGE CENTER MANAGEMENT, INC. a Delaware
corporation and JOHN DOE CORPORATION
ONE, JOHN DOE CORPORATION TWO,
JOHN DOE CORPORATION THREE, JOHN
DOE CORPORATION FOUR, and JOHN DOE
CORPORATION FIVE

        Counter-Defendants
_____/

| | |
|---|---|
| Michael C. McKinnon, Esq. (P41362) | BUTZEL LONG |
| 100 Kirts Blvd., Suite A | J. Michael Huget (P39150) |
| Troy, Michigan 48084 | Deborah J. Swedlow (P67844) |
| (248) 519-9129 | Timothy J. Lowe (P68669) |
| **Attorney for Plaintiff** | 350 S. Main Street, Suite 300 |
| | Ann Arbor, Michigan 48104 |
| | 734-995-3110 |
| | huget@butzel.com; swedlow@butzel.com; lowe@butzel.com |
| | **Attorneys for Defendant** |
| DRAPER, RUBIN & SHULMAN, PLC | |
| Allan S. Rubin (P44420) | |
| Neil B. Pioch (P67677) | |
| 29800 Telegraph Road | |
| Southfield, Michigan 48034 | |
| (248) 358-9400 | |
| **Attorney for Plaintiff** | |

1

# DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

## (JURY TRIAL REQUESTED)

Defendant RealSelf, Inc., ("RealSelf") by its attorneys, for its Answer to the Complaint states as follows:

Defendant denies each and every allegation of the Complaint not expressly admitted herein:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies the same.

2. Admit.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and therefore denies the same.

4. Defendant admits that this action includes a claim allegedly arising under the Lanham Act, but denies that Plaintiff is entitled to recovery under such act. Defendant further answers that it does not contest jurisdiction.

5. Defendant neither admits nor denies the legal conclusions asserted by Plaintiff, which do not require a response. To the extent a response is required, Defendant does not contest venue in this District.

## FACTS APPLICABLE TO ALL COUNTS

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and therefore denies the same. Defendant further answers that Exhibit A attached to the Complaint speaks for itself.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore denies the same.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore denies the same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies the same.

10. Defendant admits that it is the owner of the www.realself.com website, which is a website on which consumers engage in conversations about anti-aging solutions and personal beauty. Defendant denies as untrue the remaining allegations of Paragraph 10.

11. Denied as untrue.

12. Defendant states that Exhibit B speaks for itself. Further answering, Defendant admits that the www.realself.com website contains web pages with content concerning the Lifestyle Lift procedure.

13. Defendant states that Exhibit B speaks for itself. Defendant admits that the www.realself.com website contains web pages with content concerning the Lifestyle Lift procedure

14. Defendant states that Exhibit B speaks for itself. Further answering, denied as untrue.

15. Defendant admits that the words "Lifestyle Lift" appear in portions of the HTML code for the www.realself.com site. Defendant denies that the words "Lifestyle Lift" appear in "mataname/keywords". Further answering, Defendant denies the remaining allegations contained in Paragraph 15.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore denies the same.

17. Denied as untrue.

## COUNT ONE

18. Defendant reasserts and realleges its responses to Paragraphs 1 through 17 above as if fully set forth herein and incorporate the same herein by reference.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore denies the same.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore denies the same.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies the same.

22. Denied as untrue.

23. Denied as untrue.

24. Denied as untrue.

25. Denied as untrue.

26. Denied as untrue.

## COUNT TWO

27. Defendant reasserts and realleges its responses to Paragraphs 1 through 26 above as if fully set forth herein and incorporate the same herein by reference.

28. Denied as untrue.

29. Denied as untrue.

## COUNT THREE

30. Defendant reasserts and realleges its responses to Paragraphs 1 through 29 above as if fully set forth herein and incorporate the same herein by reference.

31. Denied as untrue.

32. Denied as untrue.

33. Denied as untrue.

## COUNT FOUR

34. Defendant reasserts and realleges its responses to Paragraphs 1 through 33 above as if fully set forth herein and incorporate the same herein by reference.

35. Denied as untrue.

36. Denied as untrue.

37. Denied as untrue.

38. Denied as untrue.

Answering Plaintiff's prayers for relief, the Defendant denies that Plaintiff is entitled to damages of any kind, costs, attorneys' fees, interest, injunctive relief, any equitable relief, restitution, and/or declaratory relief of any sort whatsoever.

WHEREFORE, the Defendant prays for relief as follows:

A. That Plaintiff's Complaint be dismissed with prejudice;

B. That Plaintiff be required to pay Defendant's costs, expenses and reasonable attorney fees in connection with this action.

C. That Defendant has such other, further and different relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendant, for its Affirmative Defenses, without admitting that it bears the burden of persuasion of these issues, states as follows:

1. Plaintiff's Complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted.

2. Defendant's use of Plaintiff's alleged trademark does not create a likelihood of confusion.

3. Plaintiff's Complaint is barred, either in whole or in part, by the doctrine of fair use.

4. Defendant's use of Plaintiff's alleged trademark is a nominative use.

5. Plaintiff is barred from seeking and is not entitled to any equitable or injunctive relief.

6. Defendant's alleged violation of the Michigan Consumer Protection Act, which it denies, would be due to a bona fide error.

7. Plaintiff's allegations of fact are incorrect, are being pled for fraudulent and improper purposes.

8. All or some of the claims asserted against Defendant may be barred by the "unclean hands doctrine."

9. All or some of the claims asserted against Defendant may be barred under the terms of the parties' agreements.

10. Plaintiff's claims are barred in whole or in part, or its recoverable damages should be reduced, because it failed to take reasonable steps to minimize damages.

11. If Plaintiff is damaged as alleged, which is not admitted, such damages resulted in whole or in part from Plaintiff's actions or third party actions for which Defendant is not responsible.

12. Defendant hereby gives notice to Plaintiff that until Defendant avails itself of its right of discovery, it cannot determine whether the above-stated affirmative defenses will be asserted at trial, but in order to preserve its right to assert the affirmative defenses and to avoid waiver of any defenses, they are set forth herein.

13. Defendant reserves the right to add such other affirmative defenses as may become known to it through the course of its discovery and investigation of this matter.

Respectfully submitted,

By: s/Deborah J. Swedlow
BUTZEL LONG
J. Michael Huget (P39150)
Deborah J. Swedlow (P67844)
Timothy J. Lowe (P68669)
350 S. Main Street, Suite 300
Ann Arbor, Michigan 48104
(313) 225-7000
huget@butzel.com
swedlow@butzel.com
lowe@butzel.com

Dated: March 3, 2008

**COUNTER-COMPLAINT**

Defendant/Counter-Plaintiff RealSelf complains and alleges against Plaintiff/Counter-Defendant Lifestyle Lift Holding, Inc. ("LLH") and Defendant Scientific Image Center Management, Inc. ("SICM") as follows:

1. Defendant/Counter-Plaintiff RealSelf is a Washington corporation.

2. Plaintiff/Counter-Defendant LLH is, based on information and belief, a Michigan corporation with its registered office at 100 Kirts Blvd., Troy, Michigan 48084.

3. Defendant SICM is, based on information and belief, a Delaware corporation with its registered office at 100 Kirts Blvd., Troy, Michigan 48084.

4. Defendants John Doe Corporation One, Two, Three, Four and Five are corporations that, upon information and belief, are related to LLH and SICM and have directed individuals to post messages and comments to www.realself.com. RealSelf believes it will be able to determine the identity of these corporations through discovery.

5. Jurisdiction in this Court proper pursuant to 28 U.S.C. §§ 1331 and 1338, as well as § 1332(a)(1). This Court also has jurisdiction pursuant to Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1121 and 1125(a). This Court has jurisdiction over the remaining claims under 28 U.S.C. § 1367.

6. Venue in this Court is proper under 28 U.S.C. § 1391. Venue is also proper because LLH consented to venue in the Eastern District of Michigan by filing its claim in this Court.

## COMMON FACTUAL ALLEGATIONS

7. RealSelf is the operator an internet website, www.realself.com, which allows consumers of anti-aging solutions and personal beauty services to engage in an internet-based community discussion.

8. Upon information and belief, LLH is a licensor of cosmetic surgery procedures, specifically a procedure known as the Lifestyle Lift.

9. Upon information and belief, SICM is a company related to LLH that provides employees to licensees of LLH and that devotes time to the advertising and promotion of the Lifestyle Lift.

10. All users of www.realself.com are subject to the RealSelf Terms of Use ("Terms of Use"), attached as Exhibit A.

11. An internet link to the Terms of Use is clearly displayed on the www.realself.com homepage.

12. Any user that signs up for an account on www.realself.com must explicitly accept the Terms of Use.

13. The Terms of Use state:

You may use the Service only to post reviews based on your personal true experiences and to communicate with other community members about questions on personal care, beauty, and wellness. Except to the extent you are otherwise directly authorized by RealSelf, you may use the Service only for personal, non-commercial uses, and may not use the Service to advertise or promote a product, service, procedure, business, doctor, or other person. For example, and without limiting the foregoing, you may not use the Service to post any reviews, questions, answers or other content:

• That praise, recommend, describe positive experiences with, or otherwise promote a product, service or procedure that you or your employer sells, markets, distributes or performs;

- That praise, recommend, describe positive experiences with, or otherwise promote a doctor or other person that is yourself or someone to whom you are related or with whom you work;
- That praise, recommend, describe positive experiences with, or otherwise promote a business you own or by whom you are employed;
- That are false or misleading, including reviews that are fabricated or exaggerate positive results; or
- Praise, recommend, describe positive experiences with, or otherwise promote a doctor or other person, if such postings are repetitive or duplicative with respect to the product, service, procedure, business, doctor, or other person about which they concern (e.g., it is not acceptable to post multiple similar reviews about your experience with a procedure in one or more areas of the website); or
- For, on behalf of, or at the request of another person, if such other person would violate any of the above by posting such content.

14. Upon information and belief, LLH and SICM and their employees or agents have posed as consumers or patients of Lifestyle Lift on www.realself.com, and have posted numerous comments on www.realself.com purporting to be consumers of the procedure and other procedures performed by Lifestyle Lift facilities.

15. The comments posted by these employees and agents of LLH and SICM are fabricated, false, misleading and in violation of the Terms of Use.

16. Based on information and belief, multiple users, using pseudonyms and pretending to be Lifestyle Lift patients, have posted comments to www.realself.com. Based on information and belief, these users are related to, affiliated with or employed by LLH or SICM.

17. Based on information and belief, LLH and/or SICM directed their agents or employees to pose as Lifestyle Lift patients and post fabricated, false and misleading comments on www.realself.com.

18. The comments and messages posted to www.realself.com by LLH or SICM's agents or employees posing as patients of Lifestyle Lift praise, recommend, and describe positive

experiences with the Lifestyle Lift procedure and often contradict the testimonials posted by other, real users of the www.realself.com site.

19. The fabricated, false and misleading comments and messages posted to www.realself.com are in violation of the Terms of Use and are harmful to the goodwill and integrity of www.realself.com, which relies on unbiased, authentic and truthful reviews by users.

## COUNT I
## BREACH OF CONTRACT

20. RealSelf reasserts and realleges its responses to Paragraphs 1 through 19 above as if fully set forth herein and incorporate the same herein by reference.

21. Through their agents or employees posing as Lifestyle Lift patients on www.realself.com, LLH and SICM entered into a valid contract with RealSelf in the form of the www.realself.com Terms of Use when their agents or employees posted messages and comments on the website.

22. LLH and SICM accepted the Terms of Use when they directed their agents and employees to sign up as users on www.realself.com, which required the users to explicitly accept the Terms of Use.

23. In violation of the Terms of Use and in breach of its contract with RealSelf, LLH and SICM directed that their agents or employees post comments that praise, recommend, and describe positive experiences with, or otherwise promote, a product, service or procedure that LLH and SICM sells, markets, distributes or performs.

24. In violation of the Terms of Use and in breach of its contract with RealSelf, LLH and SICM directed agents or employees to post comments and messages that praise,

recommended, and describe positive experiences with, or otherwise promote, a product or service of LLH and SICM.

25. In violation of the Terms of Use and in breach of its contract with RealSelf, LLH and SICM directed agents or employees to post comments and messages that were fabricated, false or misleading, including reviews that were fabricated or exaggerated positive results.

26. In violation of the Terms of Use and in breach of its contract with RealSelf, LLH and SICM used www.realself.com to promote the product Lifestyle Lift.

27. As a result of LLH and SICM's breach of contract, RealSelf has suffered injury in excess of $75,000.

## COUNT II
## FEDERAL UNFAIR COMPETITION

28. RealSelf reasserts and realleges its responses to Paragraphs 1 through 27 above as if fully set forth herein and incorporate the same herein by reference.

29. The acts of the LLH and SICM constitute false advertising and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30. LLH and SICM have used www.realself.com to falsely promote and misrepresent the Lifestyle Lift.

31. RealSelf has been and will continue to be irreparably harmed by the LLH and SICM's wrongful acts, and unless the LLH and SICM are restrained from continuing their wrongful acts, the harm to RealSelf will increase.

32. LLH and SICM's violation of RealSelf's rights is and has been willful. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

33. RealSelf has no adequate remedy at law for LLH and SICM's wrongful acts.

34. As a direct and proximate result of LLH and SICM's conduct, RealSelf is entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by LLH and SICM pursuant to 15 U.S.C. § 1117, in addition to RealSelf's damages and its costs incurred in bringing this Counterclaim.

## COUNT III
## UNFAIR COMPETITION UNDER
## THE MICHIGAN CONSUMER PROTECTION ACT ("MCPA")

35. RealSelf reasserts and realleges its responses to Paragraphs 1 through 34 above as if fully set forth herein and incorporate the same herein by reference.

36. LLH and SICM are engaged in "trade or commerce" as defined in the MCPA, M.C.L. § 445.902(g).

37. The acts of LLH and SICM constitute unfair competition in violation of the MCPA, M.C.L. § 445.903.

38. LLH and SICM have used deceptive representations in promoting the Lifestyle Lift procedure.

39. RealSelf has suffered harm and continues to suffer harm because of the acts of LLH and SICM.

## COUNT IV
## COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030

40. RealSelf reasserts and realleges its responses to Paragraphs 1 through 39 above as if fully set forth herein and incorporate the same herein by reference.

41. The Computer Fraud and Abuse Act ("CFAA") provides that it is a violation of the Act to:

knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and the means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any one year period; 18 U.S.C. §1030 a (4) .

42. The CFAA also provides:

whoever:
(2) intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains--
(C) information from any protected computer if the conduct involved an interstate or foreign communication; 18 U.S.C. §1030 (a)(2)(C).

43. Furthermore the CFAA provides that "any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief for other equitable relief. . .". 18 U.S.C. §1030 (g).

44. Finally, the CFAA provides that the term loss means "any reasonable cost to any victim" and includes "the cost of responding to a defense, conducting a damage assessment. . . and any revenue lost, cost incurred, or other consequential damages incurred. . .". 18 U.S.C. §1030 (e) (11).

45. LLH and SICM knowingly accessed www.realself.com with the intention of defrauding, RealSelf and the users of www.realself.com.

46. LLH and SICM exceeded its authorized access on www.realself.com by violating the Terms of Use.

47. Based on information and belief, LLH and SICM directed that their agents or employees post messages and comments to www.realself.com via RealSelf's sever, which is a protected computer via the use of the internet. 18 U.S.C. 1030(e)(2).

14

48. Furthermore, RealSelf has engaged in efforts to identify its loss, including conducting a damage assessment and investigation, suffering loss in excess of $5,000.

Defendant/Counter-Plaintiff RealSelf requests a jury trial on all counts so triable.

WHEREFORE Defendant/Counter-Plaintiff RealSelf prays for relief as follows:

A. That Counter-Defendants be ordered to account for damages to Counter-Plaintiff for the harm Counter-Plaintiff suffers as the result of Counter-Defendants' breach of contract, violation of the Lanham Act, violation of the MCPA and violation of the CFAA;

B. That Counter-Defendants and their agents and employees be permanently enjoined from posting any comments on www.realself.com.

C. That Counter-Plaintiff be awarded its costs and attorneys fees; and

D. That this honorable Court grant such other relief that the Court deems proper.

Respectfully submitted,

By: s/Deborah J. Swedlow
BUTZEL LONG
J. Michael Huget (P39150)
Deborah J. Swedlow (P67844)
Timothy J. Lowe (P68669)
350 S. Main Street, Suite 300
Ann Arbor, Michigan 48104
(313) 225-7000
huget@butzel.com
swedlow@butzel.com
lowe@butzel.com

Dated: March 3, 2008

**CERTIFICATE OF SERVICE**

I, Deborah J. Swedlow, hereby certify that on March 3, 2008, I electronically filed the foregoing with the Court:

These papers have been e-served on counsel for Plaintiff.

I further certify that Counter-Defendant Scientific Image Center Management, Inc. will be served with a copy of the foregoing.

Dated: March 3, 2008                    Respectfully submitted,

                                        BUTZEL LONG, PC

                                        By: s/ Deborah J. Swedlow
                                        Deborah J. Swedlow (P67844)
                                        350 S. Main Street, Ste. 300
                                        Ann Arbor, MI 48104
                                        (734) 995-3110
                                        swedlow@butzel.com